IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08cv365

| | |
|---|---|
| BOGOPA SERVICE CORP., ) ) Plaintiff, ) ) vs. ) ) STEVEN A. SHULGA, ) ) Defendant. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment against Defendant Steven A. Shulga [Doc. 9], filed October 22, 2008.

The Plaintiff initiated this action on August 12, 2008 against Defendant Steven Shulga in his individual capacity and Defendant Food Bazaar, Inc. (Food Bazaar). [Doc. 1, at ¶3]. In the Complaint, the Plaintiff alleged that in 2007 it entered into a settlement agreement with Food Bazaar pursuant to which Food Bazaar agreed not to use the Plaintiff's registered trade name and service mark "Food Bazaar," to remove the

1

infringing mark from its two convenience stores and to pay a sum certain in damages to the Plaintiff. [Id., at ¶¶12, 13]. The settlement agreement was signed by Defendant Shulga in his capacity as the president of Food Bazaar. [Id., at ¶8]. This action was brought based on allegations that Defendant Food Bazaar allegedly breached that settlement agreement and continued to use the mark. [Id., at ¶¶14, 15].

On October 20, 2008, a Stipulation of Dismissal was filed by the Plaintiff and Defendant Food Bazaar because the corporate defendant had filed for bankruptcy protection. [Doc. 7, Doc. 10-3, filed October 22, 2008, at ¶5]. As a result, Food Bazaar is no longer a party to the action. It is noted that although an attorney signed the Stipulation of Dismissal for the corporate defendant, he did not enter a notice of appearance in the action for the corporate defendant and he did not appear in any capacity on behalf of the individual defendant. The Court will therefore treat this Stipulation as a Notice of Dismissal filed by the Plaintiff in accord with Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i).

The Plaintiff effected service on Defendant Shulga on August 23, 2008; however, he has not answered or otherwise appeared in the action. [Doc. 5]. On October 24, 2008, the Plaintiff moved for entry of default

against Defendant Shulga and the Clerk of Court entered default on October 27, 2008. [Docs. 11, 12]. On October 22, 2008, the Plaintiff moved for judgment of default against Defendant Shulga. [Doc. 9].

Although Defendant Shulga has defaulted, the undersigned does not find that default judgment may be entered against him in his individual capacity. Defendant Shulga's failure to answer has caused the allegations found int he Complaint to be deemed admitted. Fed. R. Civ. Pro., Rule 8(b)(6). The Court must, therefore, look to these allegations to determine whether they warrant the entry of judgment against Defendant Shulga. Those allegations, along with the public record of the earlier case of which the Court takes judicial notice, shows the following. The Plaintiff's previous lawsuit which resulted in the settlement agreement named the corporate defendant, Food Bazaar, as the only defendant. Bogopa Service Corp. v. Food Bazaar, Inc., 3:06cv218. The settlement agreement which forms the basis of the Plaintiff's claims in this action was between the Plaintiff and Food Bazaar. [Doc. 1-3]. Although it was signed by Shulga, he signed only in his capacity as the president of the corporation, not in his individual capacity. [Id.]. Indeed, the Plaintiff so admits. [Doc. 1at ¶13 ("Shulga, acting in his capacity as President ... "); Doc. 10 at 6]. The settlement

agreement placed demands and requirements on Food Bazaar, not Shulga. [Doc. 1-3]. The Plaintiff broadly claims that Shulga "directed" the corporate defendant but no allegations have been made that Shulga acted in any manner other than under the protection of the corporate veil. [Doc. 10 at 2]. Although the claim is made that "Shulga himself" breached the agreement, it is undisputed that Shulga was not a party to the agreement. [Id.]. Nor is there any allegation that Shulga entered into a separate agreement in his personal capacity or in any manner guaranteed performance or payment. See, *e.g.*, Perry M. Alexander Const. Co. v. Burbank, 83 N.C.App. 503, 350 S.E.2d 877 (1986).

The "piercing the corporate veil" doctrine "allows courts to disregard the corporate form (or 'pierce the corporate veil') of a corporation where some alternate entity (whether an individual or another company) exerts complete domination over the corporation's policy, finances and business practices." Keener v. Lumber Co., Inc. v. Perry, 149 N.C.App. 19, 37, 560 S.E.2d 817 (2002), *review denied*, 356 N.C. 164, 568 S.E.2d 196 (2002), *citing* Glenn v. Wagner, 313 N.C. 450, 454, 329 S.E.2d 326 (1985). "Piercing the corporate veil of a corporation allows a plaintiff to impose legal liability for a corporation's obligations ... upon some other ... individual

that controls and dominates the corporation." Id. In order for the Court to enter judgment against Defendant Shulga the allegations in the Plaintiff's Complaint must warrant application of the doctrine. Id. The Complaint must contain allegations that the individual completely dominated the corporation which was merely an instrumentality or alter ego of the individual against whom liability is sought to be imposed. Id.; *accord*, Henderson v. Finance Co., 273 N.C. 253, 260, 160 S.E.2d 39 (1968). The Complaint here does not contain any allegations relating to the elements of piercing the corporate veil or to the factors courts consider when deciding whether to pierce that veil. See, *e.g.*, Saft America, Inc. v. Plainview Batteries, Inc., 659 S.E.2d 39 (2008) (uncontradicted allegations of complete domination, control, diversion of assets, and alter-ego in complaint stated claim to pierce corporate veil); State *ex rel*. Cooper v. Ridgeway Brands Mfg., L.L.C., 184 N.C.App. 613, 646 S.E.2d 790 (2007), *disc. review denied* 361 N.C. 701, 653 S.E.2d 162 (2007), *on subsequent appeal* 655 S.E.2d 446 (2008), *affirmed in part, reversed in part on other grounds* 362 N.C. 431, 666 S.E.2d 107 (2008) (allegations in complaint of complete domination used to commit fraud stated claim to pierce veil). Since there are no grounds stated in the Complaint upon which personal

liability may be imposed on Defendant Shulga, default judgment may not be entered against him.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment against Defendant Steven A. Shulga [Doc. 9] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff is allowed ten (10) days from the entry of this Order to take such actions as are necessary to maintain this case; failing to do so will result in the Court *sua sponte* dismissing this action pursuant to Rule 12(b)(6).

Signed: February 10, 2009

Martin Reidinger
United States District Judge