# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv365

| | |
|---|---|
| BOGOPA SERVICE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| STEVEN A. SHULGA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion for Partial Reconsideration of: (1) the Court's February 10, 2009 Order and (2) the Court's February 24, 2009 Order" [Doc. 14].

## RECONSIDERATION OF DISMISSAL

The Court will first address the Plaintiff's Motion that it reconsider the dismissal of this case.

On February 10, 2009, the Court entered an Order denying the Plaintiff's Motion for Default Judgment against Defendant Steven A. Shulga (Shulga). As part of that Order, Plaintiff was allowed ten days to take such further action as it may deem appropriate, and if no action were taken that

the case would be dismissed. On February 24, 2009, a minute entry was made by the Clerk of this Court dismissing this action, presumably in an attempt to effectuate the Court's February 10 Order.

Plaintiff asserts that when calculated in accord with Rule 6, the ten day period it was allowed to take remedial action would not have expired until February 25, 2009, and that the minute entry dismissing the action was premature.

Rule 6(a)(2) excludes weekends and holidays when calculating any time periods less than eleven days. Therefore, all intervening weekend days, as well as the Presidents Day holiday, should have been excluded. The Plaintiff's calculation of the time it was allowed under Rule 6 is correct and the Clerk's Order dismissing the action on February 24, 2009, was in error. For that reason the Clerk's Order will be set aside.

**RECONSIDERATION OF DENIAL OF DEFAULT JUDGMENT**

The Plaintiff also seeks for the Court to reconsider its denial of its Motion for Default Judgment against Defendant Shulga. Plaintiff argues that it has asserted claims against Defendant Shulga for trademark infringement (Count I), false designation of origin (Count II), dilution (Count III), unfair and deceptive trade practices (Count IV) and unfair competition (Count V), and that Shulga's default entitles Plaintiff to a judgment against

2

him on those counts.[1]  The thrust of Plaintiff's argument is that these counts allege claims for torts personally committed by Shulga, and therefore there need be no allegations or proof to "pierce the corporate veil" in order for Shulga to be personally liable.  A close examination of the record, however, shows that Defendant Shulga's default is insufficient to support a default judgment against him on these counts.

When a defendant fails to respond to a complaint and defaults then the allegations against that defendant are admitted.  Fed. R. Civ. P. 8(b)(6).  In determining a motion for default judgment, therefore, the Court must take the allegations as true, just as the Court must do in determining a motion to dismiss under Rule 12(b)(6).  While in the context of a motion for default judgment the Court is not determining whether a claim has been stated upon which relief can be granted, but rather is determining *whether to grant* relief based on the presumed truth of the allegations, the standard of legal analysis is the same: can relief be granted based on the allegations made?  See Ashcroft v. Iqbal, 556 U.S. ____, 129 S.Ct. 1937, 1949 (2009).

---

[1] Plaintiff also asserted a claim against the Defendants for breach of contract based on a prior settlement agreement between Plaintiff and Defendant Food Bazaar, Inc.  Plaintiff concedes that notwithstanding the language of the claim in the Complaint that it is not entitled to a default judgment against Defendant Shulga on the contract claim because Shulga was not a party to the agreement. [Doc. 15 at 3].

It is axiomatic that what has been alleged in the Complaint determines what must be taken as true. See Id. at 1947. Plaintiff alleges that it had previously filed a civil action against Defendant Food Bazaar, Inc. (Food Bazaar), which action resulted in a settlement agreement and dismissal; Food Bazaar then defaulted in the agreed settlement and Plaintiff brought this action. [Doc. 1 at 2-4]. This time Plaintiff sued not only Food Bazaar, but also Defendant Shulga. The Complaint in the present action is virtually identical to that filed in the earlier suit, except that Plaintiff has changed the word "Defendant" to "Defendants" and the word "Defendant's" to "Defendants'" throughout the Complaint. Plaintiff also added a count alleging breach of the settlement agreement by the Defendants. As to Defendant Shulga, Plaintiff makes one substantive allegation naming him: "Upon information and belief, *as directed by Defendant Shulga*, Defendant Food Bazaar, Inc. is continuing to use the trade name and service mark FOOD BAZAAR for supermarket services in interstate commerce, including in this district." [Doc. 1 at ¶15] (emphasis added).

Two principles underlie the analysis of the legal effect of assertions and allegations made in complaints. First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Id. at 1949 (citing Bell Atlantic Corp. Twombly, 550 U.S. 544, 555 (2007)).  This is precisely what Plaintiff has done throughout the Complaint by making the blanket assertion that certain actions were taken by the "Defendant*s*" rather than just Defendant Food Bazaar as it had done in the first Complaint.   For instance, it is alleged that Defendant Food Bazaar used Plaintiff's trademark, but this allegation is extended to "Defendant*s*" without any factual allegation as to what Defendant Shulga has done or on what basis he would be personally liable for such corporate infringement.  Under Twombly and Ashcroft, such conclusory statements are insufficient to rise to the level of "allegations" that would be deemed by the Court to be "admitted."

Second, the Complaint must set forth a "plausible" claim against the Defendant.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'shown' - 'that the pleader is entitled to relief.'" Ashcroft, 129 S.Ct. at 1950 (citing the requirement under Rule 8(a)(2) that a complaint contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief," as opposed to simply asserting an entitlement to relief.) (emphasis added).  The only factual allegation asserted directly against Defendant Shulga is that Defendant Food Bazaar continued to infringe on

5

Plaintiff's trademark "on information and belief, as directed by Defendant Shulga." [Doc. 1 at ¶15]. This states a mere possibility, an open conjecture, much like the allegations found wanting in Ashcroft. Plaintiff alleges that Defendant Shulga is the president of Defendant Food Bazaar, but does not state anything else from which the Court can determine that it is plausible that Defendant Shulga personally acted to infringe on Plaintiff's alleged trademark. There are no allegations as to what role Defendant Shulga played in the decision-making for Food Bazaar, or even that Food Bazaar, Inc. was closely held. The bare assertion that Defendant Shulga was president of the corporation and that he was present at the mediation regarding the first suit does not plausibly allege that he personally acted to infringe. Boiled to its essence, Plaintiff's assertion is that a corporate president is vicariously liable for the wrongful actions of the corporation because any such actions must have been undertaken "at the direction of" the president, even in the absence of any basis for piercing the corporate veil. Not surprisingly, Plaintiff cites no authority for this proposition.[2]

Plaintiff argues that its allegations against Defendant Shulga are

---

[2] It should be noted that Plaintiff also alleged in the same blanket fashion that the "Defendants" (i.e. including Defendant Shulga) breached the settlement agreement, even though Defendant Shulga was not a party to that settlement agreement and thus could not have breached it.

6

sufficient because a "corporate officer is liable for the torts he commits," including trademark infringement, citing <u>Chanel, Inc. v. Italian Activeware of Florida, Inc.</u>, 931 F.2d 1472, 1477 (11th Cir. 1991) and three district court cases.  While Plaintiff's statement of the law is correct, Plaintiff's Complaint offers nothing more than pure conjecture as to whether Defendant Shulga personally committed any tortious conduct for which he may be held liable.  Rather, Plaintiff asks the Court to assume that as president of the corporation Defendant Shulga "directed" the alleged tortious conduct of Food Bazaar.  As such, Plaintiff's Complaint does not meet the standard the Plaintiff itself argues should apply.

The record in this case presents a set of facts that raises serious questions for the Court.  After Food Bazaar breached the parties' settlement agreement, the Plaintiff brought this action against Food Bazaar and added Shulga as a defendant, presumably to increase the leverage for payment.  Before either Defendant answered and even before counsel had made an appearance on their behalf in this matter, the Plaintiff filed a stipulation of dismissal [Doc. 7], signed by Plaintiff's counsel and counsel for Food Bazaar on October 20, 2008.  The stipulation specifically references only the claims against Food Bazaar, just as had been the case in the first action.

Only after Food Bazaar was terminated as a party (and thus Food Bazaar's counsel would not have received any further notices of filings in the action), did the Plaintiff initiate default proceedings against Shulga. Prior to the Plaintiff's settlement with Food Bazaar, the Plaintiff had not filed anything with the Court reflecting any service on either Defendant. Only after the filing of the Plaintiff's stipulation of dismissal of its claims against Food Bazaar did Plaintiff file an Affidavit regarding service of Mr. Shulga. [Doc. 10]. That affidavit is buried as an exhibit to an exhibit to Plaintiff's Memorandum in Support of its Motion for Default Judgment. Interestingly, this "Notice of Service of Process" bears a Certificate of Service which is unsigned and which indicates that the Notice was served on Mr. Shulga on September 18, 2008, over a month prior to the Notice's actual filing, and over a month before the dismissal of Food Bazaar. These events lead the Court to question whether Shulga was ever made aware that he was being treated separately from Food Bazaar for the purpose of settling the Plaintiff's claims. At the very least, these events suggest that the manner in which the Plaintiff sought to litigate this matter against Shulga may have been less than candid.

When parties are unable to resolve their own disputes, the Court exists for the purpose of adjudicating those disputes based on their merits.

Default is a harsh measure because it ignores the merits. Plaintiff asks this Court to grant a money judgment, including treble damages and attorneys fees based ostensibly on Defendant Shulga's vicarious responsibility for a prior party's breach of a settlement agreement. Plaintiff asks that this be done under circumstances of exceedingly thin allegations and in a manner that appears less than fully forthright. Under these circumstances the Motion for Reconsideration, as it pertains to the Motion for Default Judgment, will be denied.

The Court will, however, afford Plaintiff the opportunity to rehabilitate its effort. Plaintiff will be allowed a short period to either take such remedial actions as are necessary to assert a proper claim against Defendant Shulga or to dismiss the case.

**IT IS THEREFORE ORDERED** that the "Plaintiff's Motion for Partial Reconsideration of: (1) the Court's February 10, 2009 Order and (2) the Court's February 24, 2009 Order" [Doc. 14] is **GRANTED in part and DENIED in part** as follows:

1. The portion of the Motion wherein Plaintiff seeks to set aside the Clerk's minute entry of February 24, 2009, dismissing the claim against Defendant Shulga is **GRANTED** and the dismissal of this action as to Defendant Shulga is set aside.

2. In all other respects the Plaintiff's Motion is **DENIED**.

3. Plaintiff may take such remedial action as may rehabilitate its effort to assert a claim against Defendant Shulga on or before June 17, 2009. If the Plaintiff fails to take any such action within that time, the Court will dismiss this claim.

Signed: June 10, 2009

Martin Reidinger
United States District Judge