IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08cv365

| | |
|---|---|
| BOGOPA SERVICE CORP., a New York corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **O R D E R** ) |
| STEVEN A. SHULGA, a North Carolina resident, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 23].

## PROCEDURAL HISTORY

This action was initiated in August 2008 against Defendant Food Bazaar, Inc. (Food Bazaar) and Defendant Shulga for trademark infringement and breach of contract. [Doc. 1]. When Food Bazaar filed a petition in bankruptcy, the Plaintiff dismissed the action against it. [Doc. 7, Doc. 10]. Although service

on Shulga was effected, the Court denied the Plaintiff's first motion for default judgment against Shulga because the allegations set forth in the Complaint related to Shulga only in his official capacity as the president of the corporate defendant and the Plaintiff failed to show that the corporate form of Food Bazaar should be disregarded. [Doc. 5, Doc. 13].

The Plaintiff then filed an Amended Complaint in which it sought damages solely against Defendant Shulga in his individual capacity. [Doc. 18]. The Amended Complaint added numerous factual allegations against Shulga and alleged claims pursuant to the Lanham Act for trademark infringement, false designation of origin, dilution and state law claims for unfair and deceptive trade practices and unfair competition. [Id., at 8-12]. The Plaintiff sought injunctive relief, statutory damages, compensatory damages, punitive damages and attorneys' fees against Shulga individually. [Id., at 12-13].

The Plaintiff attempted to serve the Amended Complaint on Shulga by certified mail at four different addresses. [Doc. 19]. When each attempt failed, the Plaintiff resorted to service by publication. Plaintiff's counsel filed a Notice stating that service had been attempted at four different addresses by certified mail with each mailing being returned as undeliverable. [Id.]. She also stated that service occurred by publication and attached a copy of the first such

2

publication. [Doc. 19-1]. On October 29, 2009, Plaintiff's counsel filed a declaration which repeated the information contained in the Notice. [Doc. 24-3]. Counsel did not file an affidavit, however, in which she stated that publication occurred once a week for three successive weeks and she did not include in the proof of service an affidavit of the publisher specifying the date of the first and last publication.

On October 14, 2009, the Court *sua sponte* required counsel to advise of the status of the case. [Doc. 22]. In response, the Plaintiff moved for default judgment. [Doc. 23].

**DISCUSSION**

It is first noted that the Plaintiff properly attempted renewed service of the Amended Complaint on Defendant Shulga because it asserts new claims for relief against Shulga in his individual capacity. It therefore must be served on him pursuant to Rule 4 of the Federal Rules of Civil Procedure even though he defaulted as to the original Complaint. Fed.R.Civ.P. 5(a)(2); Blair v. City of Worcester, 522 F.3d 105, 109 (1st Cir. 2008) ("Rule 5(a)(2) ensures that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only

in subsequent complaints that are never served."); Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino, 2010 WL 2219595 (N.D.Cal. 2010).

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]"  The North Carolina Rules of Civil Procedure provide in pertinent part:

> A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. §7502(f)(2) may be served by publication. [S]ervice of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication.  The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.  *Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(a)(2)*, the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.

4

N.C.G.S. §1A-1, Rule 4(j1) (emphasis provided).

> Before judgment by default may be had on service by publication, the serving party shall file an affidavit with the court showing the circumstances warranting the use of service by publication, information, if any, regarding the location of the party served which was used in determining the area in which service by publication was printed and proof of service in accordance with G.S. 1-75.10(a)(2).

N.C.G.S. §1A-1, Rule 4(j2)(3).

N.C.G.S. §1-75.10(a)(2) requires that proof of service by publication include the affidavit of the publisher or printer showing publication and the date of the first and last publication. Although counsel filed a notice of service, Doc. 19, it did not contain an affidavit from the publisher showing the date of the first and last publication. See, Love v. Nationwide Mut. Ins. Co., 45 N.C.App. 444, 263 S.E.2d 337, *review denied* 300 N.C. 198, 269 S.E.2d 617 (1980). As previously noted, counsel also did not provide an affidavit showing that publication occurred for three successive weeks. N.C.G.S. §1A-1, Rule 4(j1) ("Upon completion of such service there shall be filed with the court an affidavit ... ."); In re Phillips, 18 N.C.App. 65, 70, 196 S.E.2d 59 (1973) ("No such affidavit appears in the record before us." Service ineffective.).

"A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void... ." Agbemavor v. Keteku, 177

N.C.App. 546, 549, 629 S.E.2d 337 (2006), *quoting* Fountain v. Patrick, 44 N.C.App. 584, 586, 261 S.E.2d 514 (1980). "'Service of process by publication is in derogation of the common law and statutes authorizing it are strictly construed ... in determining whether service has been made in conformity with the statute.'" Connette, *ex rel*. A.M.R. v. Jones, 674 S.E.2d 751, 752 (2009), *quoting* Emanuel v. Fellows, 47 N.C.App. 340, 345, 267 S.E.2d 368, *review denied* 301 N.C. 87 (1980). Applying a strict construction, as required by the law, the Court cannot find that the Plaintiff has placed proof in the record of proper publication. Cotton v. Jones, 160 N.C.App. 701, 586 S.E.2d 806 (2003) ("Failure to file an affidavit showing the [proof of service] is reversible error.") (citation omitted). Thus, even if the Court is convinced that service was properly effected, the failure to strictly comply with the statute fails to establish jurisdiction. Id., at 703-04 ("As service by publication on defendant was invalid, the trial court did not have personal jurisdiction over defendant."). A court lacks power to assert personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (C.A.D.C. 2002), *citing* Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *accord*, Sink v. Easter, 284 N.C. 555, 560 (202 S.E.2d

6

138 (1974). The Court therefore finds that it may not enter default judgment against Defendant Shulga.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 23] is hereby **DENIED** without prejudice.

Signed: July 12, 2010

Martin Reidinger
United States District Judge