IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08cv365

| | |
|---|---|
| BOGOPA SERVICE CORP., )<br>a New York corporation, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>STEVEN A. SHULGA, )<br>a North Carolina resident, )<br> )<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 27].

**PROCEDURAL HISTORY**

The Plaintiff began this action in August 2008 against Defendant Food Bazaar, Inc. (Food Bazaar) and Defendant Shulga (Shulga) for trademark infringement and breach of contract. [Doc. 1]. When Food Bazaar filed a petition in bankruptcy, the Plaintiff dismissed the action against it. [Doc. 7, Doc. 10]. Although service on Shulga was effected, the Court denied the

Plaintiff's first motion for default judgment against Shulga because the allegations set forth in the Complaint related to Shulga only in his official capacity as the president of the corporate defendant and the Plaintiff failed to show that the corporate form of Food Bazaar should be disregarded. [Doc. 5; Doc. 13].

By Amended Complaint, filed June 17, 2009, the Plaintiff then sought damages solely against Defendant Shulga in his individual capacity. [Doc. 18]. The Amended Complaint added factual allegations against Shulga and alleged claims pursuant to the Lanham Act for trademark infringement, false designation of origin, dilution and state law claims for unfair and deceptive trade practices and unfair competition. [Id., at 8-12]. The Plaintiff sought injunctive relief, statutory and compensatory damages, punitive damages and attorneys' fees against Shulga individually. [Id., at 12-13].

The Plaintiff attempted to serve the Amended Complaint on Shulga by certified mail at four different addresses. [Doc. 19; Doc. 26]. When each attempt failed, service was effected by publication. [Id.]. Plaintiff's counsel has filed two affidavits specifying the publication dates as occurring once a week for three successive weeks. [Doc. 19-1; Doc. 24-3]. She has also included in the proof of service an affidavit of the publisher specifying the dates of the first, second and last publication. [Doc. 26-1].

2

Defendant Shulga has not filed answer or other response and the time within which to do so has expired. The Clerk of Court has entered default against Defendant Shulga. [Doc. 21].

**DISCUSSION**

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." Chanel, Inc. v. Banks, 2011 WL 121700 **4 (D.Md. 2011). The well-pleaded allegations of facts and liability of the amended Complaint are taken as true upon the entry of default. Fed.R.Civ.P. 8(b)(6) ("An allegation – other than one relating to the amount of damages -is admitted if a responsive pleading is required and the allegation is not denied."); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). The Amended Complaint here alleges three claims based on the Lanham Act: infringement of a registered service mark, in violation of 15 U.S.C. §1114; false designation of origin, in violation of 15 U.S.C. §1125(a); and dilution, in violation of 15 U.S.C. §1125(c).[1] The Court finds that the Plaintiff has established the elements of causes of action for service mark infringement as

---

[1] The amended complaint also alleges pendent state law claims but as noted *infra*, the Plaintiff has now limited its claim for damages to the Lanham Act violations.

well as false designation of origin. PETA v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001); Lamparello v. Falwell, 420 F.3d 309, 313 (4th Cir. 2005), *certiorari denied* 547 U.S. 1069, 126 S.Ct. 1772, 164 L.d.2d 516 (2006) (elements of false designation of origin are identical to those of mark infringement).[2] Willfulness of the violations may be inferred if the defendant continues the infringing behavior after receiving notice. Chanel, 2011 WL 121700 at **6-7, *citing* Video Views, Inc. v. Studio 21 Ltd., 925 F.2d 1010, 1021 (7th Cir. 1991), *certiorari denied* 502 U.S. 861, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991), *abrogated on other grounds* Budget Cinema, Inc. v. Waterhouse Assoc., 81 F.3d 729 (7th Cir. 1996). In the Amended Complaint, the Plaintiff has alleged that Shulga continued the infringing conduct after receiving written notice.

"If the Court determines that liability is established, it must then determine the appropriate amount of damages." Chanel, 2011 WL 121700, *citing* Ryan, 253 F.3d at 780-81. The Court does not accept as true a plaintiff's allegations related to damages. Credit Lyonnais Securities (US), Inc. v. Alcantara, 183 F.3d 151, 155 (2nd Cir. 1999). Instead, the Court must make an independent determination. Id. Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a default judgment as to damages with or

---

[2] Because the Plaintiff is entitled to only one recovery for damages, the Court has not considered the elements of the claim of dilution. Chanel, Inc. v. Doan, 2007 WL 781976 (N.D.Cal. 2007).

4

without a hearing. Fed.R.Civ.P. 55(b)(2)(B). As long as there is an adequate evidentiary basis in the record for an award of damages, the Court may make such a determination without a hearing. Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008). A hearing is required, however, when the damages sought are not "a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); Insurance Services of Beaufort, Inc. v. Aetna Cas. and Surety Co., 966 F.2d 847, 853 (4th Cir. 1992).

In the motion for default judgment, the Plaintiff seeks damages pursuant to 15 U.S.C. §1117(a) and thus has limited any request for damages to those available pursuant to the Lanham Act. [Id.]. Chanel, 2011 WL 121700. (a plaintiff is not entitled to double recovery and must elect the section upon which to recover damages). In its supporting brief, Plaintiff refers to Shulga's infringement of the registered Food Bazaar mark for his retail food store services in Charlotte over a 34 month period. [Doc. 28, at 3-4]. The Plaintiff also argues that a hearing is not required because the Court may rely on the supporting affidavit of Jae Gook Kim, vice president of the Plaintiff. [Doc. 28, at 4-5].

In calculating the damages, the Plaintiff relies on the monthly profits it made in its nine stores located in New York and New Jersey over the 34 month

period at issue. [Doc. 28-1].

> Bogopa is entitled to Shulga's unjust profits earned during the period the Food Bazaar Stores were operating in Charlotte under the "Food Bazaar" name or otherwise displaying "Food Bazaar" on or inside the stores. Because the Food Bazaar Stores sold food products and provided retail food store services that were identical to the products sold and services provided by Bogopa, and because determining Shulga's profits are impossible due to his refusal to participate in this case, the most logical and accurate measure of Shulga's unjust profits is one based on the average monthly profit earned by Bogopa's FOOD BAZAAR stores.

[Doc. 28, at 5-6].

Averaging those profits, the Plaintiff arrived at a figure of $55,255.00 representing the average monthly profit per store. [Id]. When multiplied by a 34 month period, the Plaintiff arrived at a damages figure of $1,878,670.00. Because Shulga opened a second store which operated for a 9 month period, the Plaintiff also multiplied the average monthly profit by 9 to obtain a damages figure of $497,295.00. [Id.]. Combining the two, the Plaintiff seeks an award of $2,375,965.00. Although not clear, it appears the Plaintiff claims this figure represents the profits it would have made if it had opened and operated stores in the territory where Shulga operated his two stores. [Doc. 28, at 6; Doc. 28-1, at 3]. The cases cited in support of this methodology are unrelated to damages available on default judgment in an infringement case. See, *e.g.*, In re CFM-ETC, Inc., 141 B.R. 448 (M.D.Fla. 1992) (calculating damages claim in bankruptcy proceeding for rejection of executory lease as average monthly

profit); S & P, Inc. v. Pfeifer, 189 B.R. 173 (N.D.Inc. 1995), *affirmed* 78 F.3d 587 (7th Cir. 1996) (on remand, bankruptcy court entitled to reconsider damages evidence in legal malpractice action); CyberMedia, Inc. v. Symantec Corp., 19 F.Supp.2d 1070 (N.D.Cal. 1998) (ordering copyright owner to post bond pending trial in amount of profits accused infringer would lose).

The Court finds that the methodology used to calculate damages is purely speculative and not supported by proof of the actual amount of the Plaintiff's damages or Shulga's sales and/or profits. 15 U.S.C. §1117(a); Chanel, 2011 WL 121700; Century 21 Real Estate LLC v. Bercosa Corp., 666 F.Supp.2d 274, 292-93 (E.D.N.Y. 2009) (discussing cases in which plaintiffs failed to prove any actual losses to a reasonable certainty, noting court awarded nominal damages only due to lack of sufficient documentation of losses); Lifted Research Group, Inc. v. Behdad, Inc., 591 F.Supp.2d 3 (D.D.C. 2008) (declining to award damages on insufficient record; providing opportunity to supplement). The average monthly profit for Plaintiff's stores in New York or New Jersey is not comparable to profit which may or may not have been made by its stores, had it operated any, in Charlotte, North Carolina. Malletier v. Apex Creative Intern. Corp., 687 F.Supp.2d 347, 356 (S.D.N.Y. 2010) ("[I]n order for LVM to recover 'lost profits,' LVM must prove lost sales with specificity.").

"Recognizing that actual damage and profit calculations are frequently impossible in [service]mark infringement cases, as they are here, Congress enacted alternative statutory damages ... to serve as a proxy for actual damages." Chanel, 2011 WL 121700 at **8, *citing* 5 McCarthy on Trademarks and Unfair Competition §30:95 (other citations omitted). Although it appears that statutory damages would be available in this case,[3] the Plaintiff has not made an election to seek the same.

In sum, the Court concludes that as to the claim for actual damages the Plaintiff has failed to present sufficient evidence to sustain an award of damages, and the Plaintiff has not elected statutory damages. The Court will, however, provide an opportunity to supplement the claim for actual damages or to elect statutory damages. In so doing, the Court recognizes that the Plaintiff may make a determination that further pursuit is futile in view of the Defendant's lack of accessibility and/or financial state.

Claiming that this is an "exceptional case" under the statute, the Plaintiff also seeks an award of attorney's fees in the amount of $10,575.50. [Doc. 28-1]. It has not offered anything in support of that request except Mr. Kim's affidavit in which he avers that this sum represents his legal fees. "The most

---

[3]For example, in the Amended Complaint it is alleged that Shulga used the mark "Food Bazaar" and/or "Mega Food Bazaar" to identify its two food market stores. [Doc. 18, at 5]. The name(s) allegedly appeared on outside signage, advertising, cash register screens, sales receipts and employee uniforms. [Id., at 5-7].

8

useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Malletier, 687 F.Supp.2d at 359, *quoting* Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *abrogated on other grounds* Tex. States Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (other citations omitted). No billing records were submitted and nothing showing a reasonable hourly rate was provided. Id.; In re Outsidewall Tire Litigation, __ F.Supp.2d ___, 2010 WL 4263395 (E.D.Va. 2010). The Court therefore concludes that on the present record, an award may not be made.

The Court does find, however, that injunctive relief is appropriate and will award the same. 15 U.S.C. §1116(a); Philip Morris USA, Inc. v. A & V Minimarket, Inc., 592 F.Supp.2d 669 (S.D.N.Y. 2009). As previously noted, it may well be that this is sufficient relief for the Plaintiff.

In conclusion, the Court notes that Plaintiff's counsel may well have made a considered, tactical decision not to seek statutory damages. The Court will nonetheless provide an opportunity for counsel to do so.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 27] is hereby **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** as follows:

1. The motion for an award of actual damages is hereby **DENIED** without prejudice to renewal;

2. On or before fifteen (15) days from entry of this Order, the Plaintiff may renew the motion for actual damages supplemented by appropriate supporting evidence or may move for statutory damages;

3. The motion for costs and attorneys' fees is denied without prejudice to renewal on or before fifteen (15) days from entry of this Order; and

4. The motion for a permanent injunction is hereby granted.

**IT IS FURTHER ORDERED** that Defendant Shulga, his agents, servants, employees and those persons acting in concert or participation with him, are hereby **PERMANENTLY ENJOINED** from advertising, promoting, distributing, selling or offering for sale products or services in connection with marks that are identical or confusingly similar to Bogopa Service Corporation's FOOD BAZAAR service mark.

**IT IS FURTHER ORDERED** that Defendant Shulga, his agents, servants, employees and those persons acting in concert or participation with him, are

hereby **PERMANENTLY ENJOINED** from engaging in any acts of false designation of origin or false description or representation or any acts of unfair competition and/or dilution as alleged in the Amended Complaint with respect to Bogopa Service Corporation's FOOD BAZAAR service mark.

Signed: February 8, 2011

Martin Reidinger
United States District Judge